BEST'S WILL *v.* BREWER.

No. 41017          April 20, 1959          111 So. 2d 262

*L. Barrett Jones,* Jackson; *Louis Bishop,* Waynesboro, for appellant.

*W. Vol. Jones,* Waynesboro, for appellee.

ROBERDS, P. J.

Mr. and Mrs. Charlie H. Best married in 1912. They lived together as man and wife until 1951, when they separated. They had no children. On October 19, 1951, Mrs. Best, by petition filed in the Chancery Court of Wayne County, sought a decree for separate mainte- nance and support. The chancellor, after a hearing, decreed that Best should pay her $40 a month for sep- arate maintenance. A part of this was paid by Best and a part was not paid.

On November 14, 1952, Best and his wife entered into an agreement, which agreement supplanted the decree for separate maintenance and support. It settled the property rights between the parties. The agreement is important, and we now set it out in full:

"STATE OF MISSISSIPPI
"WAYNE COUNTY

"This agreement made and entered into on the date hereinafter shown by and between C. H. Best, here- inafter referred to as party of the first part, and Mrs. Julia Best, hereinafter referred to as party of the second

part, WITNESSETH:

1.

"The conditions of this agreement are such that the parties hereto were the parties to a separate main- tenance action brought in the Chancery Court of Wayne County, Mississippi at the January Term, 1952 thereof,

and a Court Order was entered in said cause requiring the party of the first part to pay to the party of the second part the sum of $40.00 per month, a part of which has since been paid, and all other requirements of said order have been met.

2.

"Now, the parties hereto, in order to finally settle all claims of the party of the second part against the party of the first part, enter into the following agreement:

"A. The party of the first part has, on even date herewith, executed and delivered unto the party of the second part a full warranty deed to all of the land in which he claims an interest same being the S½ of SE¼, Section 9, Township 6 North, Range 8 West, Wayne County, Mississippi.

"B. The parties hereto own jointly approximately 28 head of cattle and they hereby agree to divide the same cattle between themselves as equally as is practicable, same to be divided by Joe Anderson, Tom Walley, and Bura Sanderson, and the parties hereto agree to abide by the division of said cattle as to be made by the said parties.

"C. Party of the second part acknowledges hereby that the within agreement is sufficient consideration for any claim which she might now have or might hereafter acquire against the party of the first part, and she hereby further agrees to cause no further levies to be made upon the property of the party of the first part, to refrain from citing him in Court for failure to comply with any such court orders as might now be on file, and to completely release the party of the first part from any and all claims of any kind, whatsoever, in the future. The party of the first part hereby binds himself in accordance with the same terms as to the party of the second part.

"Witness our signatures this 14th day of November, 1952.

"/s/ C. H. Best
"/s/ Mrs. Julia Best"

The deed to the 80 acres of land was executed and delivered to Mrs. Best. The 14 head of cattle, selected by the three parties authorized in the agreement to select them, were also delivered to Mrs. Best.

After the separation, Mr. Best seems to have become a wanderer in the community. Mr. Alex Brewer had a small vacant house located near the residence occupied by Mr. and Mrs. Brewer. This house was made suitable for human occupancy, and Mr. Best moved into it with the permission of the Brewers. He also ate his meals at the Brewer residence. In other words, Mr. and Mrs. Alex Brewer furnished to him a suitable place for his lodging and for his meals, and no charge was made by the Brewers for the lodging or the meals.

On January 20, 1955, Best executed a will in which he devised and bequeathed all of his property to Mr. and Mrs. Brewer, and Mr. Brewer was named executor in the will. On June 3, 1957, Mr. Best died and on July 17, 1957, the foregoing will was admitted to probate and letters testamentary issued to Alex Brewer.

On July 23, 1957, Mrs. Best filed a petition in the administration proceedings, undertaking to renounce the will. The chancellor refused to grant the petition and his reasons for so doing were set out in his opinion in these words:

"As to the Petition to Renounce the Will, the court feels that the petition is fatal in that it clearly says 'that the estate of your petitioner was less than the estate left by the said Charlie H. Best.' The law is clear in the State of Mississippi that the only way a widow could renounce the will under these circumstances would be that her estate was less than one-half of the deceased's

estate. The court would, of course, allow an amendment to the petition."

The chancellor was correct in his holding. Mrs. Best contends on this appeal that this was error, but we find no merit in this contention. Section 668, 670, Mississippi Code of 1942.

■■ ■ On July 23, 1957, Mrs. Best also filed in the administration proceeding a petition requesting the court to decree her entitled to an allowance of a year's support and maintenance out of the estate of Mr. Best. The chancellor refused to grant the prayer of the petition, and stated his reasons for his action as follows:

"This matter is here before the Court now on Demurrer filed by the Executor which goes to the two petitions filed by the widow, the first being the petition of the wife for a year's support and the second petition to renounce the will. There is a General Demurrer to the petition for a wife's Year Support and the court feels that the Demurrer is well-taken in that the petition does not state that the deceased was supporting the petitioner, or widow, at the time of his death nor does it state that he was under an obligation to do so, and the court feels that this is fatal to the petitioner. Of course, leave to amend would be granted."

It is clear that Mrs. Best was not being supported by Mr. Best and that she had no rightful claim to such support. She had not been supported by him since the contract was executed on November 14, 1952. Best was under no duty or obligation to support her. Section 561, Mississippi Code of 1942.

It is pertinent to note that the chancellor in denying the petition to renounce the will and the petition for a year's support expressly stated that Mrs. Best might amend both of the petitions so as to entitle her to renounce the will and to a year's support, provided she could do so under the facts.

When Mr. Best died there existed a non-negotiable savings certificate for $3,000 in the Richton Bank and Trust Company, Richton, Mississippi, payable to "Charlie Best and Alex Brewer." Mr. Best owned no other property than whatever his interest might be in the foregoing certificate. Brewer claims that said certificate evidenced a joint deposit of himself and Best with the right of survivorship, and that on the death of Best, he, Brewer, became vested with title to the entire amount. It is contended on this appeal that the estate of Best was entitled at least to one-half of the foregoing $3,000. We do not pass upon the question because of the holding herein that Mrs. Best has no right to renounce the will and is not entitled to a year's allowance; therefore, Mrs. Best has no interest in said certificate regardless of what the interest of the estate might be therein.

Affirmed.

*McGehee, C. J.,* and *Lee, Ethridge* and *Gillespie, JJ.,* concur.